U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 12 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIET NICHOLSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-542-A |
| | § | |
| THE BANK OF NEW YORK MELLON and MELANIE D. COWAN, | § § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court is the notice of removal filed in the above-captioned action by defendant The Bank of New York Mellon. Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 and federal question under 28 U.S.C. § 1331 as the bases for removal. Having considered the notice of removal and the second amended state court petition of plaintiff, Harriet Nicholson, attached thereto, the court concludes that defendant has failed to sufficiently allege that this court has subject matter jurisdiction, and that the case should be remanded to the state court from which it was removed.

I.

<u>Background</u>

Plaintiff initiated this action by filing her original petition against defendants on November 5, 2012, in the District

Court of Tarrant County, Texas, 342nd Judicial District, as Cause No. 342-262692-12. Defendant has removed this action on two occasions, in No. 4:13-CV-37-A and No. 4:13-CV-310-Y, both of which resulted in remand to state court. Defendant alleges that the court has subject matter jurisdiction because (1) there is complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs, and (2) plaintiff seeks relief under federal statutes and regulations.

II.

Basic Principles

Under 28 U.S.C. § 1441(a) a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal

statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

III.

Inadequacies in Defendant's Jurisdictional Showing

A. Diversity Jurisdiction

For the court to have subject matter jurisdiction over this action pursuant to § 1332, there must be complete diversity of citizenship and an amount in controversy in excess of $75,000.00, excluding interest and costs. As the removing party, defendant bears the burden of establishing that the jurisdictional requirements are satisfied. To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000.00. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

First, defendant argues that diversity of citizenship is met even though plaintiff, who is a citizen of Texas, named as a defendant Melanie D. Cowan ("Cowan"), who is also a citizen of Texas, because Cowan was improperly joined to defeat diversity jurisdiction. The court, however, need not resolve whether Cowan was properly joined because defendant has failed to provide any information that would enable the court to find that the amount of controversy exceeds the sum or value of $75,000.00, excluding interest and costs, as explained below.

Second, defendant argues that the amount in controversy requirement is met because plaintiff seeks declaratory relief to bar defendant from taking possession of her property, and when declaratory relief is sought, "the amount in controversy is measured by the value of the object of the litigation." Notice of Removal, at 4. Defendant contends that when a mortgagor seeks to protect the subject property, the fair market value is the

4

appropriate measure of the amount in controversy. <u>Id.</u> According to defendant, the value of plaintiff's property is at least $133,400.00, establishing the amount in controversy.

The underlying state court action is an eviction suit, and plaintiff is seeking "to prevent wrongful post-foreclosure eviction and rescind a foreclosure sale." Pl.'s 2d Am. Pet. at 2. The court is not persuaded by the argument that the above figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity she has in the property. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendant's attribution of the $133,400.00 figure as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[3] Therefore, the court concludes that defendant has not properly

---

[3] The court is familiar with the unpublished Fifth Circuit opinion, <u>Nationstar Mortg. LLC v. Knox</u>, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of <u>Nationstar</u>, in turn, relies on <u>Waller v. Prof'l Ins. Corp.</u>, 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action. <u>See</u> <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

alleged that this court has diversity jurisdiction, and turns to defendant's contention that federal question jurisdiction exists.

B. Federal Question Jurisdiction

Under § 1331, this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006); Borden v. Allstate Ins. Co., 589 F.3d 168, 172 (5th Cir. 2009). Further, mortgage foreclosure actions are "typically governed by private contract and state law," not federal law. See Goffney v. Bank of Am., 897 F. Supp.2d 520 (S.D. Tex. 2012); Buis v. Wells Fargo Bank, N.A., 401 F. Supp.2d 612 (N.D. Tex. 2005).

Defendant alleges that plaintiff's second amended petition alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and U.S. Department of Housing and Urban Development ("HUD") regulations, and seeks relief under the Real Estate Settlement Procedures Act ("RESPA"); however, the court finds that the brief references in the second amended petition to those federal statutes and regulations do not actually constitute causes of action and do not present any federal question

6

sufficient to invoke this court's jurisdiction. See, e.g., <u>Buis</u>, 401 F. Supp.2d at 616-18 (allegations that defendant violated HUD regulations in a foreclosure action not sufficient for federal question jurisdiction) (citing additional cases); <u>Nicholson v. Bank of New York Mellon</u>, No. 4:13-CV-310-Y, at *2 (N.D. Tex. May 7, 2013) (rejecting previous, nearly identical arguments made by defendant based on same portions of plaintiff's complaint in defendant's most recent attempt to remove this action from state court). Therefore, defendant has failed to carry its burden of establishing that federal question jurisdiction exists in this case.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 12, 2013.

_____
JOHN McBRYDE
United States District Judge